BROCK ET AL *v.* JONES.

[83 South. 244, In Banc. No. 20871.]

JUSTICE OF PEACE. *Circuit court cannot on appeal order execution on prior judgment introduced in evidence.*

Where on an appeal from a justice of the peace court to the circuit court the defendant introduced in evidence an older judg-

ment in the justice of the peace court; in order to sustain his
plea of *res adjudicata*, the circuit court cannot, on sustaining
such plea, further adjudge that under the older judgment thus
introduced in evidence the plaintiff was entitled to a lien on a
building and order execution to issue in favor of plaintiff for
the sale of the building, since such older judgment in the justice
court was not before the circuit court for review.

APPEAL from the circuit court of Perry county.
HON. PAUL B. JOHNSON, Judge.
Suit in a justice court by C. K. Jones against J. H.
Brock and another. From a part of the judgment of the
circuit court where the case was on appeal, defendants
appeal.
The facts are fully stated in the opinion of the court.

*E. C. Fishel*, for appellant.

Where it is agreed, as in the instant case, that it
is the same parties, the same subject-matter and the
same indentical cause of action. In both cases, then I as-
sume that it would be unnecessary for me to waste the
time of the court in arguing that the subject of the sec-
ond action is *res adjudicata*, when this court has repeat-
edly so held.
This court will also observe from the judgment enter-
ed in this cause, that the trial court held that the matter
was *res adjudicata* and that the plea to that effect was a
complete defense to the action, but in entering the judg-
ment gave the plaintiff a lien on the property as asked
for by him.
Let us suppose the judgment pleaded as a bar herein
had been rendered by a court of another state, I respect-
fully submit that in that instance the court would have
had as much right to refer to that judgment and attempt
to give a lien under it. Suppose the subject of the plea
in bar had been a written contract between the parties
that had never been adjudicated. In that case could the

court have given a lien under a contract that was not being litigated? I respectfully submit that it could not.

Let us take one other observation of this case and what is the result. The plaintiff in his first suit made Mrs. E. C. Brock, the owner of the property, a defendant. and from his judgment against her, she appealed to the circuit court, where the appellee could have litigated the matter with her, had he been disposed to do so. But where he chooses to dismiss the case against her and now is trying to condemn her property for sale in an action to which she is not a party and in which she has no voice, and of which she has no notice. I respectfully submit that it would be an unusual proceeding to allow one person to condemn the property of another by any such route.

I respectfully urge that the judgment rendered in the justice court on the 22nd day of November, 1916, was in the circuit court only as an exhibit to the pleading and to the agreed statement of facts, and was only evidence, and that the trial court had no authority or power to give or to attempt to give any lien under said judgment any more than it would have had, had it been a judgment of the court of another state.

The judgment entered in this cause would raise the query "when is a plea in bar, not a bar?" If adjudged to be a bar to the action, it must be a complete bar and no remedy could be given the plaintiff under a judgment sustaining the plea.

Wherefore I respectfully submit that this honorable court should reverse the judgment entered herein and enter the proper judgment in this court, sustaining, the plea in bar.

*D. K. McDonald,* for appellee.

This suit was brought under section 3060 of the Code of 1906. There was a former suit which included Mrs.

E. C. Brock, the owner of the land upon which the house stands. A default judgment was rendered against all the defendants in this suit in the justice court and from that judgment Mrs. E. C. Brock, appealed to the circuit court. Appellee appeared in the circuit court and took a nonsuit which he had a right to do. Appellee went back to the justce court and started anew except as to Mrs. E. C. Brock and recovered judgment against the appellants for the amount admitted to be due with a lien upon the building.

The former judgment of the justice court which was pleaded in bar to the second suit in my opinion was void and could not have been enforced over the protest of the defendants and appellants herein for the reason that it was an entirety judgment and void as to Mrs. E. C. Brock, therefor, void as to all. For reference see the case of *Comentz* v. *Bank of Commerce,* 38 So. p. 35. However, since appellants contend that it is a good and valid judgment, we shall not complain. In view of this fact the court took the right course in the matter and followed the law. A judgment that is voidable is good if no objections are raised when its validity comes in question. The law of estoppel applies thereafter and closes the mouth of the party against the validity of it when its validity is questioned. For reference. see 16 Cyc., page 785. We cannot agree with counsel for appellant in his views with reference to the jurisdiction of the court below. The court had jurisdiction of the parties and the subject matter. Appellants were in court with their own appeal and the court rendered judgment which it had a right to do. Appellants admitted that the judgment was a good and valid judgment and that appellee had a lien upon the building and that the judgment had never been paid when they appeared and plead it as a bar to this action. I submit, if the court please, that the appellants, cannot come into court and blow hot and cold. The law

of the land is too well settled upon this one point to admit contradiction. We feel that we are entitled to the relief granted by the court below, and ask that it be affirmed.

HOLDEN, J., delivered the opinion of the court.

The question presented on this appeal is whether or not the judgment rendered by the lower court is erroneous in that part of it which we shall hereinafter set out.

The lower court tried the case on the following agreed statement of facts:

"It is agreed between the plaintiff and the defendants that the plaintiff, C. J. Jones, on the 23d day of October, 1916, filed suit in the justice court of W. D. Mills against both these defendants, J. H. Brock and E. E. Kittrell, also against Mrs. E. C. Brock; that process issued on said suit on the day of filing returnable on the 6th day of November, 1916; that said process was personally served on each of said defendants on the 26th day of October, 1916, more than five days before the return day; and that on said return day judgment by default was taken against all of said defendants, and the transcript of the record of said judgment which is attached hereto and made a part of this agreed statement of facts, and marked Exhibit A, it being agreed that said transcript is a true copy of the judgment entered.

"It is further agreed that the said justice court had full jurisdiction to try said cause, which was No. 37 on said justice docket.

"It is further agreed that from said judgment, on the 22d day of November, 1916, the said Mrs. E. C. Brock filed her appeal bond in said cause, and appealed same as to her to the circuit court of Perry county; that neither of the defendants J. H. Brock or E. E. Kittrell

prosecuted any appeal from said judgment, but as to them same stands apparently in full force and effect; that these defendants have done nothing nor taken any steps to avoid or vacate said judgment.

"That on the appeal of said cause by Mrs. E. C. Brock, it was numbered 366 in the circuit court of Perry county, and that same was by the plaintiff, C. J. Jones, nonsuited, the costs paid, and said cause dismissed without prejudice, in vacation, on the 5th day of May, 1917.

"That afterwards and to wit, on the 3d day of July, 1917, the said C. J. Jones, the same person who was plaintiff in the aforesaid action, filed this suit, which is now before the court, against said J. H. Brock and E. E. Kittrell, the defendants herein, and that these defendants are the same J. H. Brock and E. E. Kittrell who were two of the defendants in the former proceeding, and that the said suit filed on the 3d day of July, 1917, was for the same items and the same identical cause of action as the one filed October 23, 1916; that the said defendants appeared and contested said action, and pleaded the said former judgment as a bar to the recovery in this action.

"That Mrs. E. C. Brock was then the owner of lot 4 in block 11 of the Richton Lumber Company's Second addition to the town of Richton, Miss., and still owns same, and that she was not a party to the contract on which this suit was brought.

"That the last suit above referred to was No. 71 on the justice docket, and is now No. 399 in the circuit court."

Upon this statement of facts the trial judge rendered a judgment sustaining the plea of *res adjudicata,* holding that the prior judgment rendered in the justice court was a bar to the present suit, and that the last judgment in the justice court now in question was void on account of the former recovery as between the same parties in the same cause of action, and dismissing

the present suit and taxing the plaintiff with the costs. To this part of the judgment the appellant here makes no complaint, but contends that the court erred in further adjudging, as follows:

"The court further finds that under the justice judgment entered in the first cause, filed against these defendants in justice court, and which was No. 37 thereon, that the plaintiff was entitled to have a lien thereunder on said building to the amount of one hundred and twenty-five dollars and eighty-two cents and interest theron at the rate of six per cent. per annum from November 1, 1916. It is therefore ordered that execution may issue in favor of said plaintiff against said defendants for the sale of the said building, to wit, one blacksmith shop situated on lot 4, block 11, of the Richton Lumber Company, Second addition to the town of Richton, same being the building in which said lumber was used."

It is too plain for debate that the lower court had no authority in law to render the latter part of the judgment complained of. The former judgment against the appellants in the justice court was not before the circuit judge for review. This prior judgment in the justice court was against appellants (not against Mrs. E. C. Brock, who was afterwards dismissed), and had not been appealed from, was still unsatisfied, and could be enforced against appellants, if at all, only by process originating in the justice court. The circuit court had no jurisdiction over it, nor of the person or property of Mrs. E. C. Brock. The copy of the prior judgment was brought to the notice of the circuit judge only as evidence to support the plea of *res adjudicata,* and could be considered for no other purpose.

The judgment of the lower court is reversed, and judgment entered here.

*Reversed, and judgment here.*